

FILED
DEC 0 6 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RONALD DEAN KEATS, | \* | CIV 13-1023 |
| | \* | CR 10-10046 |
| Petitioner, | \* | |
| | \* | OPINION AND ORDER |
| -vs- | \* | DENYING MOTION TO VACATE |
| | \* | |
| UNITED STATES OF AMERICA. | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Petitioner, now confined at the Federal Correctional Institution in Elkton, Ohio, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to possession of child pornography and was sentenced on July 23, 2012, to 44 months custody, 8 years supervised release, and a $100,000 fine. He filed a notice of appeal. The United States filed a motion to dismiss the appeal based upon the defendant's waiver of the right to appeal contained in the written plea agreement. Petitioner resisted the motion, contending that he only intended to appeal the imposition of an illegal fine, imposed in violation of 18 U.S.C. § 3572(a).[1] The appeal was dismissed and the petitions for rehearing by the panel and rehearing en banc were denied. A petition for a writ of *certiorari* was denied April 29, 2013.

Petitioner contends in his motion to vacate that he received ineffective assistance of counsel during plea negotiations, resulting in a plea which was not knowing and voluntary. He also contends that, at sentencing, counsel failed to object to the imposition of a fine and wrongly informed him that, notwithstanding an agreed upon advised custody floor of 36 months, he could

---

[1] In determining whether to impose a fine and the amount, the Court is required to consider, *inter alia*, the defendant's income, earning capacity, and the burden that the fine will impose upon the defendant and his dependents. 18 U.S.C. § 3572(a)(1), (2). Defendant now contends that the fine will be a financial hardship because he will not be employable, his dependents do not have insurance, and his wife and children require extensive medical care.

ask for home confinement. Finally, he contends that his lawyer wrongly advised him that imposition of a fine or restitution or both were unlikely. I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

## DECISION

To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)) The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### I. Ineffective Assistance of Counsel During Plea Negotiations.

A guilty plea is constitutionally valid only if it is made "voluntarily and intelligently." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Petitioner contends his plea was not voluntary because counsel failed to advise him that he could enter an "open plea" without entering into a plea agreement. In the plea agreement, he agreed to not object to a sentence of at least 36 months and agreed to waive his right to appeal his sentence except in the event of an upward variance or upward departure.

Petitioner was charged with three counts of interstate transportation of child pornography and one count of possession of child pornography. The interstate transportation charges carry a mandatory minimum penalty of five years custody and a maximum penalty of 20 years custody for each count. The possession charge carries a maximum penalty of ten years custody. Petitioner would either have had to enter an open plea to all such charges or plead to one or more charges and stand trial on the other charges. By pleading guilty pursuant to the plea agreement,

2

he limited his exposure to one count of conviction, which count did not require a mandatory minimum penalty and which count had the lowest maximum penalty. Pleading guilty to one charge also limited any possibility of consecutive sentences.

Petitioner pleaded guilty to the least serious charge, which resulted in a base offense level, pursuant to Guidelines § 2G2.2(a)(1) of 18. The more serious interstate transportation charges would have resulted in a base offense level of 22. The eight level enhancement for the specific offense characteristics of material involving a minor, sadistic conduct, and use of a computer would be the same as to all counts. The government conceded in the plea agreement that the appropriate number of images possessed for purposes of calculating the total offense level was 150 - 399, resulting in the addition of three levels. The actual number of images was alleged to have been over 6,000. I found at the sentence hearing that the defendant had over 6,000 images of child pornography on his government-issued laptop, his external hard drive and compact discs, many of which were duplicates. His total offense level, as I stated at the hearing, would have been 28, calling for a guideline range of 78 - 97 months. Absent the plea agreement, the petitioner would have received up to a five level increase if the government put on evidence that there were 600 or more images (the Guidelines do not call for any greater enhancement for images greatly in excess of 600). Calculating the total offense level pursuant to the facts agreed to by the government resulted in a total offense level of 26 and a criminal history category of I. The resulting guideline range was 63 - 78 months custody. Absent the plea agreement, the minimum total offense level would likely have been 29, not taking into account any increase for multiple counts. The resulting guideline range would have been at least 97 - 121 months for the possession count. The interstate transportation counts would likely have resulted in a total offense level of at least 33 (reflecting a base offense level of 22) and a guideline range of 135 - 168 months. Counsel's advice to enter into a plea agreement with the government limiting petitioner's custodial exposure was certainly within the range of competence under the circumstances present. Petitioner can not satisfy the second prong of <u>Strickland</u>, prejudicial exposure to a longer sentence, by counsel's alleged failure to advise of the possibility of entering a plea of guilty without signing a plea agreement. As I stated at the sentence hearing, the government agreed to a very lenient sentence and that is what the defendant received.

3

Petitioner contends that counsel was ineffective in advising him that, although he agreed in the plea agreement that even if a variance is imposed his custodial sentence should not be less than 36 months, he could still be sentenced to home confinement based upon family circumstances. Petitioner filed a "declaration" wherein he states that, "[d]espite the terms of the plea agreement, [counsel] advised me that, due to my family circumstances, the Court could, at sentencing, impose a term of home confinement." Counsel was correct in his advice. I could impose any custodial sentence authorized by statute. Home confinement was not, under the advisory Federal Sentencing Guidelines, authorized in petitioner's case because the guideline range exceeded that suggested by the Guidelines for imposing such a sentence. I could, nonetheless, have granted a variance to a level authorizing such a sentence. I did not and would not have done so in this case based upon the facts and circumstances of the case. I specifically advised petitioner at the change of plea hearing that I would determine the length of his sentence, that I could impose a custodial sentence up to ten years, and that he would not be able to withdraw his plea if he did not like the sentence I imposed. He stated under oath he understood that. He cannot show that he was prejudiced by counsel's claim that I could impose home confinement. I could have imposed any sentence I found to be reasonable as long as the sentence did not exceed the statutory maximum.

Petitioner contends counsel was ineffective in advising him that it was unlikely that a fine would be imposed since there were no identifiable victims and the defendant did not profit by his crime. The United States Supreme Court has held that a plea of guilty must stand unless induced by, *inter alia*, misrepresentation, including unfulfilled or unfulfillable promises. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). Petitioner was fully advised by me of the consequences of pleading guilty, including the possibility that a fine could be imposed. He stated under oath that no promises were made to him as to what his sentence would be. What his lawyer guessed I might do is of no legal consequence.

Petitioner "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent

collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

As the United States Supreme Court observed in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473. Petitioner was advised at his change of plea hearing that a fine was one of the penalties that I could impose and that I, and only I, would determine his sentence. His plea is not subject to collateral attack because he and counsel misapprehended the likely penalty I would impose.

Petitioner sought to appeal the imposition of the fine in this case, contending that I did not take into account statutory factors for determining whether to impose a fine, and if so, how much. That is false. I did take into account defendant's then financial condition when imposing the amount of the fine.

Defendant received a very lenient custodial sentence, possible only by a variance. A fine was imposed because the custodial penalty was not adequate, by itself, to penalize petitioner for his crime. I also took into account that petitioner was released pending sentencing and the sentencing date was extended to allow the petitioner to continue receiving his substantial salary. He was paid nearly $300,000 by the federal government during the pendency of his criminal case and that was made possible because of substantial lenience in allowing his release pending sentencing and in granting his request for an extension of the report date. I also took into account the fact that he used government resources to engage in his outrageous criminal activities.

5

Petitioner cannot show that he was prejudiced by entering into a plea agreement which waived any appeal of the fine imposed. The fine was imposed after taking into account the statutory factors set forth in 18 U.S.C. § 3553 and defendant's financial condition as set forth in the presentence investigation report.

Petitioner cannot show that there is a "reasonable probability that, but for counsel's [failure to advise him of the possibility of entering an open plea, advising him that home confinement was an option, and advising him that a fine was unlikely], the result of the proceeding would have been different." Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009).

## II. Ineffective Assistance of Counsel at Sentencing.

Petitioner contends that counsel was ineffective at sentencing in failing to seek a departure pursuant to Guidelines § 5K2.0, the policy statement governing departures. He contends that a departure would have been warranted based upon his service to his country and his family circumstances. I specifically stated at sentencing that "I do not find that there is any justification under the guidelines for a departure." I did note his service to his country and the impact going to prison would have on his family. I did not find that those circumstances warranted a departure and no departure would have been granted. Petitioner cannot show that his sentence would have been less than 44 months absent counsel's alleged ineffectively failing to request a downward departure.

Petitioner contends counsel was ineffective in failing to argue that a sentence within the guideline range was substantially unreasonable. Counsel did so. He argued at length about the substantive unreasonableness of the child pornography guidelines and requested a sentence of 36 months custody. I took into account the many times I found in other child pornography cases that the guideline calculation resulted in an unreasonable range. I varied from the range calculated in this case. Counsel was not ineffective in this regard and petitioner suffered no prejudice.

Petitioner contends that counsel was ineffective in failing to object to the imposition of a fine. At the time he was sentenced I presumed he would receive federal retirement benefits and the presentence report showed that his net worth was over $1.8 million. He now contends that he was denied retirement benefits, resulting in a financial hardship for his wife and children, and

that his net worth will only be $900,000 after his wife is awarded half the property in divorce proceedings.

The fine was legally imposed. It would have been imposed notwithstanding any argument against its imposition. Absent a substantial fine, the length of incarceration imposed would have been greater. I did fully consider the defendant's then current financial circumstances in imposing a fine. Although it may now appear that the petitioner's financial circumstances have changed, that is not a basis for vacating a sentence. Petitioner still has more than adequate net worth to pay the fine imposed. Counsel was not ineffective in failing to argue for no fine and petitioner suffered no prejudice by counsel's failure to argue against the imposition of a fine.

### III. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion, after an extensive review of the record, that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV. Observation.

As one of my Irish uncles told me long ago in jest: "he would complain if he were hung with a new rope."

## ORDER

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

Dated this 6th day of December, 2013.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY
(SEAL)